Eric Garcia (non-esq.)
P.O. Box 4285
Garden Grove, CA 92842

in pro per

2018 MAR 21  PM 12: 30

UNITED STATES DISTRIC COURT

CENTRAL DISTRICT OF CALIFORNIA

SACV 18 · 00450 CJC (DFMx)

| | |
|---|---|
| ERIC GARCIA,<br><br>       *Plaintiff,*<br><br>-vs-<br><br>SOUTHERN CALIFORNIA SPECIALTY CARE, INC. dba KINDRED HOSPITAL-SANTA ANA;<br>DOES 1-10, INCLUSIVE<br><br>       *Defendants,* | Case No:<br><br>UNLIMITED CIVIL COMPLAINT FOR DAMAGES BASED UPON :<br><br>**1.** GENDER/SEX DISCRIMINATION; VIOLATION OF 42 USC 1985 (3) (PUBLIC ACCOMMADATION)<br><br>**2.** DEPRIVATION OF EQUAL PROTECTION US CONST. AMEND.XIV<br><br>**3.** 42 U.S. CODE 5891; SEX DISCRIMINATION PROHIBITED<br><br>**4.** NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS- BYSTANDER<br><br>**5.** SLANDER; VIOLATION OF CALIFORNIA CIVIL CODE 46 |

PLAINTIFF brings this action against Defendant, SOUTHERN CALIFORNIA SPECIALTY CARE, INC. dba KINDRED HOSPITAL-SANTA ANA ("HOSPITAL" or "DEFENDANT"), in district court, because HOSPITAL was intentionally negligent and intentional abusive in providing medical care to PLAINTIFF's mother-Montiel ("MONTIEL")

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

and also, DEFENDANT failed to prevent numerous acts of medical malpractice against

MONTIEL in front of PLAINTIFF's presence many times, all of which caused PLAINTIFF, as

a family bystander, to suffer emotional distress various and different times for different physical

injuries that MONTIEL sustained at the numerous, intentional, malicious, abusive, deliberate

and tortious patterns of misconducts of DEFENDANT. In addition, DEFENDANT

discriminated PLAINTIFF and defamed PLAINTIFF.


## THE PARTIES

1.  At all pertinent times, Eric Garcia ("GARCIA" or "PLAINTIFF") resided in the

County of Orange, State of California.

2.  At all times pertinent, Defendant, SOUTHERN CALIFORNIA SPECIALTY CARE,

INC. dba KINDRED HOSPITAL-SANTA ANA dba KINDRED HOSPITAL-SANTA ANA

("HOSPITAL" or "DEFENDANT"), operated and performed business as a medical hospital

facility, in the city of Santa Ana, County of Orange, State of California.

3.  At all relevant times, PLAINTIFF was a visitor to his mother-Montiel ("MONTIEL")

at HOSPITAL's place of business, in the city of Santa Ana, County of Orange, in the State of

California.

4.  At all relevant times HOSPITAL hired the services of one ABBIE to perform duties at

HOSPITAL to PLAINTIFF's mother.

5.  At all relevant times HOSPITAL hired the services of one AHN to perform duties at

HOSPITAL to PLAINTIFF's mother.

6.  At all relevant times HOSPITAL hired the services of one ANN MARIE JONES

("JONES") to perform duties at HOSPITAL to PLAINTIFF's mother.

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

7.   At all relevant times HOSPITAL hired the services of ANNIE to perform duties at HOSPITAL to PLAINTIFF's mother.

8.   At all relevant times HOSPITAL hired the services of RT-BRIAN to perform duties at HOSPITAL to PLAINTIFF's mother.

9.   At all relevant times HOSPITAL hired the services of PT-BRIAN to perform duties at HOSPITAL to PLAINTIFF's mother.

10.  At all relevant times HOSPITAL hired the services of CHRIS to perform duties at HOSPITAL to PLAINTIFF's mother.

11.  At all relevant times HOSPITAL hired the services of CHRISTINA to perform duties at HOSPITAL to PLAINTIFF's mother.

12.  At all relevant times HOSPITAL hired the services of CINDA to perform duties at HOSPITAL to PLAINTIFF's mother.

13.  At all relevant times HOSPITAL hired the services of CINTHIA LANGLEY to perform duties at HOSPITAL to PLAINTIFF's mother.

14.  At all relevant times HOSPITAL hired the services of DJOANNA to perform duties at HOSPITAL to PLAINTIFF's mother.

15.  At all relevant times HOSPITAL hired the services of ELIAS to perform duties at HOSPITAL to PLAINTIFF's mother.

16.  At all relevant times HOSPITAL hired the services of DAVID SINGER to perform duties at HOSPITAL to PLAINTIFF's mother.

17.  At all relevant times HOSPITAL hired the services of GENE to perform duties at HOSPITAL to PLAINTIFF's mother.

18.  At all relevant times HOSPITAL hired the services of GERRY to perform duties at HOSPITAL to PLAINTIFF's mother.

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

19.   At all relevant times HOSPITAL hired the services of JOE to perform duties at HOSPITAL to PLAINTIFF's mother.

20.   At all relevant times HOSPITAL hired the services of JOHN to perform duties at HOSPITAL to PLAINTIFF's mother.

21.   At all relevant times HOSPITAL hired the services of JOSEPHINE to perform duties at HOSPITAL to PLAINTIFF's mother.

22.   At all relevant times HOSPITAL hired the services of KATHI to perform duties at HOSPITAL to PLAINTIFF's mother.

23.   At all relevant times HOSPITAL hired the services of LOURDES to perform duties at HOSPITAL to PLAINTIFF's mother.

24.   At all relevant times HOSPITAL hired the services of MIKE to perform duties at HOSPITAL to PLAINTIFF's mother.

25.   At all relevant times HOSPITAL hired the services of NANCY to perform duties at HOSPITAL to PLAINTIFF's mother.

26.   At all relevant times HOSPITAL hired the services of NINA to perform duties at HOSPITAL to PLAINTIFF's mother.

27.   At all relevant times HOSPITAL hired the services of RAMONA to perform duties at HOSPITAL to PLAINTIFF's mother.

28.   At all relevant times HOSPITAL hired the services of RAY to perform duties at HOSPITAL to PLAINTIFF's mother.

29.   At all relevant times HOSPITAL hired the services of SARAH to perform duties at HOSPITAL to PLAINTIFF's mother.

30.   At all relevant times HOSPITAL hired the services of SOPONG to perform duties at HOSPITAL to PLAINTIFF's mother.

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

31.  At all relevant times HOSPITAL hired the services of SUSAN to perform duties at HOSPITAL to PLAINTIFF's mother.

32.  At all relevant times HOSPITAL hired the services of SAMIL KHAN to perform duties at HOSPITAL to PLAINTIFF's mother.

33.  At all relevant times HOSPITAL hired the services of TRESS to perform duties at HOSPITAL to PLAINTIFF's mother.

34.  At all relevant times HOSPITAL hired the services of YVETTE to perform duties at HOSPITAL to PLAINTIFF's mother.

35.  At all relevant times HOSPITAL hired the services of XING to perform duties at HOSPITAL to PLAINTIFF's mother.

36.  PLAINTIFF is ignorant of those sued fictitiously, but upon learning true identities, PLAINTIFF will amend this complaint, to show true identities. PLAINTIFF is informed that all defendants were co-conspirators, aiders and abettors to HOSPITAL and in doing such acts, were acting under the authority of HOSPITAL, by presenting themselves as medical professionals to PLAINTIFF at all relevant times.

## JURISDICTION AND VENUE

37.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 in that this Complaint arises under the Federal laws of the United States and Defendants are subject to jurisdiction of this Court and venue lies with this Court pursuant to 28 U.S.C. §139(b). Also, this Court has pendent jurisdiction over those claims asserted herein that arise under the laws of the State of California, and all causes of actions stated herein are within the statute of limitations. Any defects, if any, in this complaint can easily be cured with an amendment of this original complaint.

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

38.   From December 2, 2016 through January 12, 2017 HOSPITAL was intentionally negligent by purposely failing to provide proper medical care to their then patient-MONTIEL during MONTIEL's stay at HOSPITAL, because often times HOSPITAL intentionally left unsanitary/unsafe conditions to MONTIEL, caused physical injuries to MONTIEL, and denied MONTIEL needed medical treatment, all of which PLAINTIFF personally witnessed and was one of the many reasons that led to MONTIEL's medically related injuries and as a result caused emotional distress on PLAINTIF as a family bystander, and all of which could have been prevented if DEFENDANT had complied with PLAINTIFF's and MONTIEL's prior and numerous demands to prevent HOSPITAL's numerous acts of medical negligence.

39.   During PLAINTIFF's visitation times at HOSPITAL, the following events occurred:

GARCIA had told KINDRED administration, prior, to put MONTIEL in protective custody because there's outside criminal influence that has threaten to murder MONTIEL many times (GARCIA have written documentations filed with courts & past emails) and this criminal operations has poisoned MONTIEL in the past (that MONTIEL had to be sent to another ER) because MONTIEL is a witness in a federal tax fraud/embezzlement case regarding MONTIEL's and other neighboring HOA funds being embezzled & laundered by convicted sex offender-Glenn Ray Anderson ("ANDERSON"), a private security company official, whom KINDRED are associated with, and ANDERSON and ANDERSON's criminal associates has stalked MONTIEL for over 10 years and GARCIA had told law enforcement (A.P.D., G.G.P.D., and the courts) to put MONTIEL in protective custody but they refused. MONTIEL's testimony is needed for proposed upcoming federal trial and for the prosecution of ANDERSON and his criminal associates of many criminal enterprises.

40.  Below is a timeline of medical racketeering incidents perpetrated by KINDRED staff, at the instigation of ANDERSON, for federal tax evasive witness tampering and federal witness intimidation purposes, in KINDRED's intentional misuse of medical procedures as intimidation weapons against MONTIEL, of which GARCIA suffered emotional distress as a bystander, among other things.

Friday December 2, 2016
Delay Treatment: 8:30pm, GARCIA told SARAH in ICU that MONTIEL needed to be cleaned, and instead SARAH used computer and ignored MONTIEL for over half and hour, causing discomfort to MONTIEL for the delay, and this delay was caused by SARAH despite SARAH knowing that MONTIEL had dermatitis.

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

Delay Treatment: 11:30pm RAMONA & RAY didn't give MONTIEL her antibiotic until 1 AM (more than 2 hours late), despite the warning label specifically stating that the antibiotic must be given within half an hour of the scheduled time of 11PM 12/2/16. Cinda, gave MONTIEL past/late eyedrops.

Monday December 5, 2016
Failure to give Medication: RN-JOSEPHINE didn't give MONTIEL eyedrops because JOSEPHINE said MONTIEL was sleeping.
Monday December 5, 2016
Delay in IV Medication: 6:45PM, MONTIEL told GARCIA to tell RN-YURI, in front of RT-RUSHI, SARA, KIM if MONTIEL will get MONTIEL's antibiotic-VANCOMYCIN/ DEXTROSE at the scheduled time of 11am, because night shift-RAMONA & RAY didn't give MONTIEL her antibiotic until 1 AM (more than 2 hours late), despite the warning label specifically stating that the antibiotic must be given within half an hour of the scheduled time of 11PM 12/2/16.
Failure to give Medication: MONTIEL didn't get her eyedrops medications also, all of which stressed MONTIEL out, causing MONTIEL heartrate to pump to 130 beats per min, out of fear and paranoia that MONTIEL would go blind.

Tuesday December 6, 2016
Negligence: RN-SUSAN wanted MONTIEL to stay in the chair, despite MONTIEL being tired and sleepy, and wanting to go back to bed but SUSAN didn't want MONTIEL to go back to bed and exaggerated.
Thursday December 8, 2016
Verbal Abuse/Elder Abuse: 8:40 AM. Pathologist-DAVID SINGER verbally abused MONTIEL by repeatedly getting close to MONTIEL's face and telling MONTIEL outloud: "I'm not a little kid", "don't treat me like a little kid". (this incident was later told to AnnMarie, patient advocate)
Failure to give Medication: 9:00 PM, no eyedrops given to MONTIEL. Neither of the two were given to MONTIEL because "they-KINDRED lost them", during the transfer of MONTIEL from room 19a. to room 8a.
Friday, December 9, 2016
Failure to maintain safe environment: Ants came near my bed (Poor pest control).
Safety Hazard/Aspiration risk: 8:45 am. CNA-NINA cleaned MONTIEL 10 minutes after MONTIEL had drank milk and as result of MONTIEL laying flat on the bed, MONTIEL burped heavily (as Pathologist-DAVID saw), which put MONTIEL at risk of Aspiration.

NEGLIGENCE: 12:15pm, MONTIEL told GARCIA to tell LVN-BILLY that MONTIEL's IV (Vancomycin) leaked outside MONTIEL's vein, inside MONTIEL's arm forming a ball (see EXHIBIT A), and which caused MONTIEL pain. BILLY pulled the IV out and turned off IV machine. Half an hour later, no replacement had been done on the critical/timely medicine. GARCIA pushed call button at 12:45pm and told RN-MIKE about the IV leak and still no replacement.
1:30pm RN-MIKE comes in and still refuses to insert IV (for vancomycin) because MIKE says that IV is good and that it's irritating MONTIEL's skin and that it may cause MONTIEL's arm to be amputated. GARCIA told MIKE to then put IV in MONTIEL's right hand and still MIKE refused. MIKE also said that he called the Doctor to see if the Doctor could get a different IV medication for MONTIEL.

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

At 1:45pm (more than 1 hr waiting), MONTIEL's IV has not been started despite GARCIA telling the nurses' station. MONTIEL had GARCIA call Dr. Hakim, and Dr. Elizabeth/Dr. Reyes regarding the concern of no IV being given, because it's a time critical medication, and GARCIA left messages, but no response.

Saturday December 10, 2016
BREACH OF ORAL AGREEMENT: 3:20am, Supervisor-KATHI told GARCIA to leave, despite GENE previously allowing GARCIA to stay (in the family room, with 5 minute check ups on MONTIEL)
Sunday Dec. 11, 2016
NEGLIGENCE: At 5;30 pm, MONTIEL told GARCIA to tell RT-ANH, to change HME because it was saturated with water and bubbles. ANH said no.
UNFAIR BUSINESS PRACTICES: About 9pm RAY tells GARCIA that GARCIA can't be in the room 8a to visit MONTIEL because GARCIA is a man, and that only women are allowed to stay.
Then RAY says "to fix the issue", RAY sent MONTIEL back to ICU, and that GARCIA is only allowed 10 min visits per hour, round the clock, and that RAY will enforce that, despite other visitors in ICU being allowed visitations anytime and for much longer.
NEGLIGENCE: RT-GERRY didn't connect the tubes all the way, and GARCIA told 'CHITA' to have the RT fix the problem.
At about 10:30pm two women went inside ICU for half an hour, but GARCIA was treated with a double standard, because GARCIA was told that 1 visitor at a time. RN-JEANNEATTE was there to witness.
As GARCIA walked down the hallway, GARCIA told RN-ANNIE, that MONTIEL was upset as to why is there a double standard, in visitation, because KINDRED allowed other patients in ICU for hours, but wont allow GARCIA and GARCIA's brother-GABRIEL.. ANNIE couldn't provide an answer.
Monday December 12, 2016
NEGLIGENCE: 2:00pm – MONTIEL told GARCIA to ask MARIBELLE to get MONTIEL physical therapy to walk MONTIEL, and Physical Therapy said they need an Order, but MARIBELLE said that she-MARIBELLE gave them order and therapy said that they'll do it the next following day-Tuesday 12/13

    41.  In addition, the following medically related incidents at HOSPITAL also occurred, all in front of PLAINTIFF's presence:

Thursday December 15, 2016
NEGLIGENCE: RT-ABBIE left MONTIEL on 30 percent oxygen [2nd time], instead of MONTIEL's normal setting of 35 percent and MONTIEL desaturated as a result, and GARCIA told CINDA to tell the RT-ABBIE to move it up to 35 percent.

INTENTIONAL NEGLIGENCE/ABUSE: RT-BRIAN was mad at MONTIEL because MONTIEL hit him, and BRIAN retaliated against MONTIEL, by leaving me with 27% oxygen instead of the routine of 35% causing MONTIEL to desaturate, and this was later told to RT-ROBERT, to see what ROBERT's opinion was, and ROBERT said what BRIAN did was wrong.

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

Saturday December 17, 2016
NEGLIGENCE: CNA-Norbert (BERT) changed/cleaned MONTIEL and saw that MONTIEL's IV vancomycin was leaking (EXHIBIT B) onto MONTIEL's gown because MONTIEL's gown was heavily wet. RN-MIKE refused many times to check and fix the MONTIEL's IV leak.
Unit Secretary IAN told Supervisor Esther, and NINFA. Then RN Desk-Nursing DJoanna then put another IV on MONTIEL.

 Sunday December 18, 2016
NEGLIGENCE: 3:10 pm, CNA-ELIAS and LVN-NINA left MONTIEL flat on the bed after cleaning MONTIEL and MONTIEL had just drank milk and could've aspirated.
NEGLIGENCE: 5:15 pm, X-Ray Tech, SAMIL KHAN did not put lead apron on MONTIEL (and RN-LISET saw). MONTIEL was mad as to why wasn't MONTIEL moved to avoid x-ray exposure (yet, at 5:40pm, x-ray tech-MARIA does x-rays, and she, thankfully, puts lead apron on me).


Monday December 19, 2016
NEGLIGENCE:10:45am, CNA-LOURDES left MONTIEL with wet hair in bed after bed bath. MONTIEL was cold.
NEGLIGENCE: 2:15pm, MONTIEL desaturated to 85% because RT-JOE left MONTIEL at 21% oxygen in the ventilator after taking MONTIEL for walk with PT-DENNIS and MONTIEL didn't put MONTIEL back to 35%, that GARCIA went next door and told RT-MATT to adjust MONTIEL's ventilator settings to 35%, then RT-JOE came.
NEGLIGENCE: 3:40pm, Unit Secretary-YVETTE gave GARCIA a cold wet/damped bed cover to use on MONTIEL, so GARCIA then complained that it was wet and cold, so MONTIEL had GARCIA to take it back and asked for another one.
FAILURE TO PROVIDE MEDICATION: 7:00pm, LVN-XING missed MONTIEL's 2pm eyedrops (6am, 2pm & 10pm), and says that he-XING only puts eyedrops once a day.
PERSONAL INJURY/SOFT TISSUE DAMAGE/N.I.E.D.: 8:30pm, LVN-CRYSTAL tells RN-LIHN to check MONTIEL's IV and LIHN turns IV off, then CHRIS comes and picks 2 weak arm veins to try to put IV line on MONTIEL, then quits. Then CRISTAL tries, then CHRIS comes back and says: "it's now or never" and at 9:15pm CHRIS puts in the IV on MONTIEL but leaves MONTIEL in pain because CHRIS left the tourniquet on MONTIEL's arm and MONTIEL complained to GARCIA that MONTIEL's arm hurts so GARCIA went outside and told CHRIS that he-CHRIS had left the tourniquet on MONTIEL, all of which delayed MONTIEL's vancomycin med for over 1 hour. This incident was told by GARCIA to AnnMarie (patient advocate), and Jones did nothing.

Tuesday December 20, 2016
NEGLIGENCE: 11:30am, RT-AHN took MONTIEL for a CAT scan with contractor-PEDRO MARQUEZ and no oxygen monitor, then brought MONTIEL back to MONTIEL's room and had MONTIEL on 100% oxygen and the alarm "Oxy error" was on, that AHN called another RT-MATT for help, to fix the problem.
GARCIA also later found out that Chlorbexidine Oral rinse 12% is supposed to be done every 12 hours as should be, but is not always the case.

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

Wednesday December 21, 2016
RT-JOE told GARCIA that speaking valve is needed for eating, and they don't give MONTIEL one on a daily basis.
FAILURE TO PROVIDE MEDICATION: 3:30pm, LVN-SOPONG checks computer to see when are eyedrops due, after GARCIA complained to RN-NANCY (GARCIA put eyedrops on me because no one else would).


Thursday December 22, 2016
6am
FAILURE TO PROVIDE MEDICATION: LVN-VAL did not put eyedrops on MONTIEL despite GARCIA telling VAL, cap color the night before showed that no eyedrops were given.


PERSONAL INJURY/CIVIL BATTERY: 11am, MONTIEL right forearm, hand was swollen.
 [suspect night CNA-ALEX, day CNA-ELIAS, sometime between 10pm wed night 12/21, to 11am Thursday morning 12/22]
[GARCIA asked ALEX on 12/22 on Thursday night at 7:40 pm and he said CLAUDIA bathed mom]

2pm
FAILURE TO PROVIDE MEDICATION: SOPORN, no eyedrop were given on MONTIEL .
(I did it at 3:30 pm)

INTENTIONAL NEGLIGENCE/PERSONAL INJURY/MEDICAL BATTERY/ ELDER ABUSE: RN-NANCY intentionally left MONTIEL at 100 per hr [too fast], potassium through IV, so that MONTIEL's vein burns/irritates. NANCY did this in retaliation because MONTIEL scratched and hit NANCY, due to MONTIEL's unintentional and uncontrollable mood swing behavior, medication side effects, etc. GARCIA called button station and RN-MAILE came and adjusted the IV to 25 then 20 in front of LVN-SOPORN.
At 3:50pm, NANCY walked in and tried to adjust to 50, and GARCIA told NANCY no, because it burns and hurts MONTIEL

Friday December 23, 2016

Unfair Business Practices: 10pm, Cynthia Langley tried to prevent MONTIEL from having regular visitations by GARCIA.

Sunday December 25, 2016
2:25pm
FAILURE TO PROVIDE MEDICAL CARE: DJOANNA refuses to suction MONTIEL, despite my requests and making phlegm noise. DJOANNA said that MONTIEL is not desaturating and that MONTIEL's vitals are ok.
FAILURE TO PROVIDE MEDICATION: LVN-BILLY , refuses to put eyedrops on MONTIEL at 5:10pm, because BILLY missed the 2nd brimonidine dose.

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

Monday December 26, 2016
FAILURE TO PROVIDE TIMELY MEDICAL CARE: TRESS changes MONTIEL's IV because one leaked at 6pm and TRESS didn't change it until GARCIA told her. TRESS says she didn't check for leak because of fear of getting hit by MONTIEL.

Monday January 2, 2017
NEGLIGENCE: LVN-VAL puts IV potassium in the middle of night on MONTIEL and MONTIEL's vein burns and hurt, so then MONTIEL pulled it out, because it wasn't diluted and speed was too fast.

Sometime in January 2017
UNFAIR BUSINESS PRACTICES:  RAY again tells GARCIA that GARCIA can't be in the room to visit MONTIEL because GARCIA is a man, and that only women are allowed to stay, because of the fear that GARCIA might assault a patient.

On or about January 5, 2016
INTENTIONAL NEGLIGENCE/PERSONAL INJURY/CIVIL BATTERY: Pathologist/Speech Therapist- DAVID SINGER harassed MONTIEL by deflating MONTIEL's cuff and letting MONTIEL to struggle to breathe and refusing to inflate the cuff when GARCIA asked SINGER to do so. SINGER had also refused to suction MONTIEL despite MONTIEL having phlegm build up noise, all of which added more stress in MONTIEL's breathing.

Tuesday January 10, 2017
POLICE INVESTIGATION RE: INAPPROPRIATE TOUCHING: At about 9pm, the S.A.P.D. were called in to investigate the alleged abuses of CNA-JOHN, and CNA-ELIAS against MONTIEL. And denial of medical treatment (no eyedrops, tourniquet left on arm, etc.), abuses, etc.
S.A.P.D. officers D. Lopez (badge# 2938), and J. Rodriguez (badge# 2318) came to Kindred S.A. but, out of conflict of interest, refused to follow up in the investigation, and left.
NEGLIGENCE: GENE failed to take internal remedy/disciplinary actions against JOHN.

Thursday January 12, 2017
BREACH OF PROMISE-CONTRACT/FAILURE TO PROVIDE MEDICAL CARE: 1:30pm, PT-BRIAN and RT-CRISTINA tried to take MONTIEL for a physical therapy walk. but BRIAN and CRISTINA refused because CRISTINA said MONTIEL's Breaths-Per-Minute (BPM) was to high, despite the BPM dropping to late twenties, a few minutes later. MONTIEL wanted to walk for atleast 20 seconds (to get out of bed atleast), which would not have been dangerous.

NEGLIGENCE: PT-BRIAN had earlier put MONTIEL on strenuous exercise to get MONTIEL tired, so that MONTIEL don't have to walk because both BRIAN and CRISTINA were too busy earlier and had a busy schedule for the rest of the day.

INTENTIONAL NEGLIGENCE/PERSONAL INJURY/MEDICAL BATTERY/ ELDER ABUSE: At about 3:30pm RT-BRIAN tied and pressed hard against MONTIEL's hands while MONTIEL was getting transferred to ambulance gurney.

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

42.  PLAINTIFF complained many times to HOSPITAL administration staff but they ignored PLAINTIFF, and instead, HOSPITAL used their clinical social worker- CINTHIA LANGLEY to try to persuade PLAINTIFF to seek outside activities and go to a bar instead.

43.  In addition, there's ongoing outside criminal influence by convicted sex offender- Glenn Ray Anderson ("ANDERSON") that has threaten to murder MONTIEL many times and PLAINTIFF has written documentations filed with courts & past emails, and MONTIEL was poisoned in the past (that MONTIEL had to be sent to ER) because MONTIEL is a witness in a federal tax fraud/embezzlement case regarding MONTIEL's HOA funds being laundered & embezzled by ANDERSON, whom HOSPITAL are associated with (this will be proven with forensics and other tests, during the discovery phase of this litigation), and ANDERSON has stalked MONTIEL for over 10 years and PLAINTIFF had told Anaheim Police Dept., Garden Grove Police Department (and the courts) to put MONTIEL in protective custody but they refused. MONTIEL has evidence regarding ANDERSON's federal tax evasion crimes and MONTIEL is and was willing to testify before the authorities but ANDERSON kept and keeps threatening MONTIEL through many associates and medical staff.

44.  On or about October 11, 2016, PLAINTIFF filed a RICO lawsuit, in pro per, against ANDERSON in Ronald Reagan Federal Courthouse (Santa Ana), but Judge David Carter ("JUDGE CARTER") had conflict of interest because JUDGE CARTER personally knows ANDERSON and "pulled strings" for ANDERSON by having the case transferred to Downtown LA and had another judge, named Judge Beverly Reid O'Connell ("JUDGE O'CONNELL") improperly and unjustly dismiss the case without holding a hearing and no party appearing.

45.  A month later, almost 30 days later, on November 11, 2016 MONTIEL almost died from intentional poisoning caused by medical staff, and ANDERSON had the staff at a prior nursing facility named CHAPMAN CARE CENTER SKILLED NURSING AND SUB-

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

ACUTE FACILITY ("CHAPMAN CARE") poison MONTIEL, because MONTIEL has been poisoned many times in the past due to ANDERSON's ongoing criminal death threats towards MONTIEL, and now ANDERSON uses medical staff, through 3rd party criminal associates (private investigators, police, "hitmen", etc.) to commit medical battery and medical negligence of abusing MONTIEL to hurt MONTIEL and make it look like "unintentional medical errors", because in the past, simple medical malpractice weren't working fast enough, so ANDERSON had the staff at CHAPMAN CARE poison MONTIEL intrusively. ANDERSON has also had the staff at CHAPMAN CARE lower MONTIEL's life-supporting oxygen supply many times before to try to get MONTIEL killed and make it look like an "unintentional medical condition/error" and now ANDERSON used staff at HOSPITAL to continue his death threats and abuses towards MONTIEL, all this done because MONTIEL is a witness in a federal tax fraud case and MONTIEL had been planning to cooperate with law enforcement and with the courts to offer testimony regarding ANDERSON's federal tax criminal embezzlement case, and ANDERSON is trying to dissuade MONTIEL as a witness to not testify.

### NOI Letter

46.  NOI to sue letter (CCP 364 et seq.) has already been served on all defendants in this action. Defendant has not responded to PLAINTIFF's NOI letter.

47.  PLAINTIFF had tried to file this case many times last year in 2017, but court clerks L.L., and S. V. refused to accept PLAINTIFF's prior multiple filing requests.

///

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

# FIRST CAUSE OF ACTION for:

## GENDER/SEX DISCRIMINATION;

## VIOLATION OF CIVIL RIGHTS ACT 1964 (PUBLIC ACCOMMADATION)

(against Defendant, Defendant, SOUTHERN CALIFORNIA SPECIALTY CARE, INC. dba KINDRED HOSPITAL-SANTA ANA dba KINDRED HOSPITAL-SANTA ANA, and DOES 1-10, INCLUSIVE)

48.    PLAINTIFF hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

49.    PLAINTIFF brings this cause of action against Defendant, SOUTHERN CALIFORNIA SPECIALTY CARE, INC. dba KINDRED HOSPITAL-SANTA ANA dba KINDRED HOSPITAL-SANTA ANA ("HOSPITAL" or "DEFENDANT"), and DOES 1-10, INCLUSIVE.

50. PLAINTIFF alleges that, on or about December 2016, and again in January 2017, HOSPITAL, through one of HOSPITAL's managing Official-Supervisor RAY, violated PLAINTIFF's civil rights by denying PLAINTIFF the right to visit PLAINTIFF's mother at HOSPITAL, during the night because PLAINTIFF is a male, because of RAY's lie and false fear that PLAINTIFF would assault a sleeping patient.

51. PLAINTIFF alleges, that on or about December 2016 and, again, on or about January 2017, that HOSPITAL, through one of its managing officials, Supervisor-RAY, used a double standard against PLAINTIFF because PLAINTIFF is male and thus, denied visitation of MONTIEL at night. PLAINTIFF was told by RAY that because PLAINTIFF is a man, PLAINTIFF cannot visit PLAINTIFF's mother. RAY also said, that if PLAINTIFF had been a woman, RAY would allow PLAINTIFF to visit MONTIEL. So, RAY then told PLAINTIFF to leave the HOSPITAL.

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

52.   As a result, PLAINTIFF was injured emotionally, according to proof, in damages to be specified at trial but within unlimited jurisdiction of the court.

### SECOND CAUSE OF ACTION –
### DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF SECTION 1557 OF THE ACA,
### 42 U.S.C. § 18116
(against Defendant, Defendant, SOUTHERN CALIFORNIA SPECIALTY CARE, INC. dba

KINDRED HOSPITAL-SANTA ANA dba KINDRED HOSPITAL-SANTA ANA, and DOES

1-10, INCLUSIVE)

53. Plaintiff realleges, adopts, and incorporates the allegations in previous paragraphs, as though fully set forth herein. PLAINTIFF also brings this cause of action against Defendant, SOUTHERN CALIFORNIA SPECIALTY CARE, INC. dba KINDRED HOSPITAL-SANTA ANA dba KINDRED HOSPITAL-SANTA ANA ("HOSPITAL" or "DEFENDANT"), and DOES 1-10, INCLUSIVE.

54. Section 1557 of the ACA, 42 U.S.C. § 18116, provides, in relevant part, that "an individual shall not, on the ground prohibited under . . . title IX of the Education Amendments of 1972 (20 U.S.C. §§ 1681, *et seq.*)"—which prohibits discrimination "on the basis of sex"— "be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance."

55.   Defendant HOSPITAL receives federal financial assistance through Medicare, and are therefore a "covered entity" subject to the requirements of Section 1557.

56. Discrimination on the basis of gender identity, male status, or nonconformity with sex stereotypes are all encompassed by the prohibition on discrimination on the basis of "sex" under Section 1557.

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

57. In 2016, the HHS Office for Civil Rights issued a final rule defining "on the basis of sex" under Section 1557 of the ACA to include "discrimination on the basis of . . . gender identity." 45 C.F.R. § 92.4. Accordingly, pursuant to HHS regulations implementing Section 1557, a covered entity such as Defendant, HOSPITAL must "provide individuals equal access to its health programs or activities without discrimination on the basis of sex," and "a covered entity may not deny or limit health services that are ordinarily or exclusively available to individuals of one sex.

58. PLAINTIFF has a right under Section 1557 to receive health care services, as a visitor, to use the HOSPITAL visitors and waiting rooms, free from discrimination based on his sex. Indeed, Defendant HOSPITAL written policies acknowledge their responsibility to treat all individuals equally and not to discriminate on the basis of sex or gender identity or expression.

59. By denying PLAINTIFF to visit his mother at night because PLAINTIFF is a male, Defendant HOSPITAL, through one of HOSPITAL's managing officials-Supervisor RAY ("RAY"), HOSPITAL discriminated against PLAINTIFF based on his sex.

60. On or about December 2016 and again on or about January 2017 Defendant HOSPITAL discriminated against PLAINTIFF on the basis of sex in violation of Section 1557 and have thereby denied PLAINTIFF the full and equal participation in, benefits of, and right to be free from discrimination in a health program or activity.

61. Defendant perpetrated this discrimination purposefully, willfully, with malice, and with reckless disregard for and/or with deliberate indifference toward PLAINTIFF's rights.

62. As a result of Defendant HOSPITAL's discriminatory acts, PLAINTIFF has suffered emotional distress, humiliation, degradation, embarrassment, emotional pain and anguish, violation of his dignity, loss of enjoyment of life, and other compensatory damages, in an amount to be established at trial.

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

# THIRD CAUSE OF ACTION –

## 42 U.S. CODE 5891; SEX DISCRIMINATION PROHIBITED

(against Defendant, Defendant, SOUTHERN CALIFORNIA SPECIALTY CARE, INC. dba KINDRED HOSPITAL-SANTA ANA dba KINDRED HOSPITAL-SANTA ANA, and DOES 1-10, INCLUSIVE)

63.    PLAINTIFF hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

64.    PLAINTIFF brings this cause of action against defendant, SOUTHERN CALIFORNIA SPECIALTY CARE, INC. dba KINDRED HOSPITAL-SANTA ANA dba KINDRED HOSPITAL-SANTA ANA ("HOSPITAL" or "DEFENDANT"), and DOES 1-10, INCLUSIVE.

65.    PLAINTIFF alleges that HOSPITAL receives federal assistance through Medicare.

66.    PLAINTIFF received assistance and services from HOSPITAL, as a visitor.

67.    PLAINTIFF alleges, that on or about December 2016 and, again, on or about January 2017, that HOSPITAL, through one of its managing officials, Supervisor-RAY, used a double standard against PLAINTIFF because PLAINTIFF is male and thus, denied visitation of MONTIEL at night. PLAINTIFF was told by RAY that because PLAINTIFF is a man, PLAINTIFF cannot visit PLAINTIFF's mother. RAY also said, that if PLAINTIFF had been a woman, RAY would allow PLAINTIFF to visit MONTIEL. So, RAY then told PLAINTIFF to leave the HOSPITAL.

68.    As a result, PLAINTIFF was injured emotionally, according to proof, in damages to be specified at trial but within unlimited jurisdiction of the court.

///

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

## FOURTH CAUSE OF ACTION for:

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(against Defendant, SOUTHERN CALIFORNIA SPECIALTY CARE, INC. dba KINDRED

HOSPITAL-SANTA ANA dba KINDRED HOSPITAL-SANTA ANA,

and DOES 1-10, INCLUSIVE)

69.    PLAINTIFF hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

70.    PLAINTIFF brings this cause of action against defendant, SOUTHERN CALIFORNIA SPECIALTY CARE, INC. dba KINDRED HOSPITAL-SANTA ANA dba KINDRED HOSPITAL-SANTA ANA ("HOSPITAL" or "DEFENDANT"), and DOES 1-10, INCLUSIVE.

71.    As a further direct and proximate result of repeated and intentional medical negligent acts and omissions of DEFENDANT, against MONTIEL, PLAINTIFF, as a family bystander, suffered severe and serious emotional distress, humiliation, mental anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame, such that no ordinary and reasonable person would be able to cope with it after seeing a family member, especially an elderly and disabled mother be subjected to numerous acts of cruel intentional medical malpractice as fully stated in this complaint, all of which could have been prevented if DEFENDANT had listened to PLAINTIFF's earlier concerns.

72.    PLAINTIFF therefore demands for judgment as to all to PLAINTIFF's damages in amounts as shall be established upon proof at Trial because DEFENDANT's repeated negligent conduct were direct causes and substantial factors in causing PLAINTIFF to suffer the above mentioned damages, as stated in this complaint because PLAINTIFF had previously told

HOSPITAL staff of their wrongdoings when handling MONTIEL and yet, HOSPITAL staff continued to engage in unsafe medical malpractice as specified in this complaint.

73.    By intentionally engaging in the repeated and negligent medical related conduct, DEFENDANT has negligently breached their medical duty of care not to engage in the illegal conduct alleged, and DEFENDANT, knew that their negligent actions as HOSPITAL health care workers were likely to result in serious emotional harm, anguish and distress to PLAINTIFF, and this despite earlier verbal complaints made by PLAINTIFF about DEFENDANT's malpractice.

74.    As a proximate result of said conduct, PLAINTIFF has suffered and continues to suffer discomfort, anxiety, humiliation and emotional distress, and will continue to suffer serious emotional distress in the future in an amount according to proof.

75.    PLAINTIFF is informed and believe that the wrongful acts and conduct alleged herein which was perpetuated by all DEFENDANT was intentionally done maliciously, oppressively, and fraudulently and with a wrongful intent of harming and injuring PLAINTIFF and did in fact harm PLAINTIFF with an improper and evil motive amounting to malice and in conscious disregard of the PLAINTIFF's rights as a family bystander.

76.    By reason thereof, PLAINTIFF is entitled to and demands that judgment be awarded in PLAINTIFF's favor, and against, HOSPITAL and DOES 1-10, INCLUSIVE, and in the amount within the unlimited jurisdiction of the court, according to proof at trial.

//

///

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

## FIFTH CAUSE OF ACTION for:

## SLANDER; VIOLATION OF CALIFORNIA CIVIL CODE 46

(against Defendant, SOUTHERN CALIFORNIA SPECIALTY CARE, INC. dba KINDRED

HOSPITAL-SANTA ANA dba KINDRED HOSPITAL-SANTA ANA ("HOSPITAL" or

"DEFENDANT"),

and DOES 1-10, INCLUSIVE)

77.    PLAINTIFF hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

78.    PLAINTIFF brings this cause of action against defendant, SOUTHERN CALIFORNIA SPECIALTY CARE, INC. dba KINDRED HOSPITAL-SANTA ANA dba KINDRED HOSPITAL-SANTA ANA ("HOSPITAL" or "DEFENDANT"), and DOES 1-10, INCLUSIVE.

79.    As a further direct and proximate result of repeated and intentional false statements made by HOSPITAL on or about January 2017, that PLAINTIFF would sexually assault a sleeping patient, PLAINTIFF was damaged in PLAINTIFF's reputation standing amongst other HOSPITAL employees and visitors (that will be named during discovery phase of this litigation) that heard RAY's slanderous statements on January 2017, accusing PLAINTIFF of trying to sexually assault a sleeping patient.

80. As a result, PLAINTIFF suffered severe and serious emotional distress, humiliation, mental anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame, as a result of the slanderous statements made to third party listeners, that PLAINTIFF was subjected to by HOSPITAL and RAY.

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.

81. By reason thereof, PLAINTIFF demands judgment against HOSPITAL in an amount, according to proof, within unlimited jurisdiction of the court.


WHEREFORE, PLAINTIFF demands judgment for all causes of actions, in a monetary amount according to proof, but within the unlimited jurisdiction of the court.


Date: March 18, 2018                                      x _____

                                                              Eric Garcia (in pro per plaintiff)

///

FEDERAL CIVIL COMPLAINT against KINDRED HOSPITAL for DISCRIMINATION, N.I.E.D., et seq.